UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DEMONDRAY D. MAYO, | ) | |
| Petitioner, | ) | 3:09-cv-00316-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner appearing through counsel. Before the Court is respondents' Motion to Dismiss (ECF No. 22) , petitioner's Response in Opposition to the Motion to Dismiss (ECF No. 30), his Motion for Stay of Proceedings (ECF No. 31), respondents' Reply, including an opposition to the Motion to Stay (ECF No. 32), and petitioner's Reply to Opposition to Motion for Stay (ECF No. 37). The motions are now ready for review and decision as discussed below.

**I.     Procedural History**

   A.     Criminal Proceedings

Following preliminary hearings, petitioner was charged by way of an Information filed on December 14, 2005, with Murder with the Use of a Deadly Weapon, Conspiracy to Commit

Robbery, Attempt Robbery with the Use of a Deadly Weapon, and Battery with Intent to Commit a Crime. Exhibit 17.[1]

Petitioner originally pleaded not guilty to the charges at arraignment in district court on December 27, 2005. Exhibit 2. Shortly thereafter, petitioner made a *pro per* motion to dismiss his court appointed counsel arguing she had not obtained his medical records or had him evaluated to determine his competence. Exhibit 18. The motion was withdrawn after petitioner had an opportunity to discuss the matter with counsel and she arranged for him to meet with a doctor. Exhibit 2.

Petitioner met with a court appointed psychologist numerous times prior to September 6, 2006. Exhibit 8. Petitioner then signed a guilty plea agreement. Exhibit 48. On September 6, 2006, appearing with a temporary substitute counsel, petitioner appeared to enter his guilty plea to a charge of Second Degree Murder with the Use of a Deadly Weapon. Exhibit 49.

Counsel filed a sentencing memorandum on September 13, 2006. Exhibit 50. On October 11, 2006, counsel filed petitioner's handwritten motion to withdraw guilty plea. Exhibit 52. At a hearing on the motion, the Special Public Defender's office was withdrawn as counsel. Exhibit 2, p. 5. On October 30, 2006 new counsel was confirmed and the hearing on the motion to withdraw plea was continued to a later date to allow counsel to file necessary additional briefing. *Id.*, p. 6. Counsel's Motion to Withdraw Guilty Plea was filed on March 5, 2007. Exhibit 60. A hearing on the motion was conducted on April 2, 2007 and the motion was denied. Exhibit 63. No appeal of the order was filed.

Judge Togliatti sentenced petitioner on April 17, 2007, to a term of life in prison with the possibility of parole after ten years and an identical second consecutive term for the deadly weapon enhancement. Exhibit 64. Counsel informed the court to petitioner's desire to appeal and

---

[1] The exhibits referenced in this order were submitted by petitioner in support of his amended petition and are found in the Court's docket at ECF Nos. 18-20 and 38.

1 counsel's appointment was continued for that purpose. *Id.* The Judgment of Conviction was filed
2 on April 24, 2007. Exhibit 65. No direct appeal was pursued.

   B.   Motion to Correct Illegal Sentence/Withdraw Guilty Plea

4      On November 9, 2007, counsel for petitioner filed a "Motion for Correction of Illegal
5 Sentence, Alternatively Motion to Withdraw Guilty Plea." Exhibit 66. The motion argued petitioner
6 received ineffective assistance of counsel where counsel failed to wait until the legislature decided
7 the deadly weapon law, and that petitioner should have been eligible to receive the benefit of the new
8 law under the due process guarantees of the Fifth Amendment. *Id.* The motion was denied on
9 January 16, 2008. Exhibit 70. Petitioner appealed this decision. Exhibit 71. The Nevada Supreme
10 Court affirmed the lower court on January 30, 2009. Exhibit 85. Remittitur issued on February 24,
11 2009. Exhibit 87.

   C.   State Post-Conviction Petition

13     Petitioner filed a pro se petition for writ of habeas corpus, post-conviction on June 11,
14 2009, raising two grounds for relief. Exhibit 90. An order to respond to the petition was entered on
15 June 20, 2009. Exhibit 92. A response and Motion to Dismiss the petition was filed on July 1, 2009,
16 and a hearing was set for September 2, 2009. Exhibits 94 and 99. The hearing was later vacated
17 and, while no ruling on the motion to dismiss has been entered, the court's docket indicates the
18 matter is closed. *Id.*

19     Counsel for petitioner advises that he has made an appearance in the state court
20 proceedings and sought to supplement the petition. Amended Petition, p. 6, lines 7-8.[2]

   D.   Federal Habeas Petition

22     Petitioner's habeas petition was signed and submitted for mailing to prison officials
23 on or about May 25, 2009, and was filed with the Court on April 23, 2010, after the issue of the

---

[2] Petitioner advised the state court has set a hearing in the post-conviction proceeding for mid-July, 2011.

3

filing fee was resolved. (ECF No. 4.) Counsel was appointed to represent petitioner and an amended petition was filed on December 8, 2010. (ECF No. 17.) The amended petition raises four grounds for relief as follows:

> I. Mayo was denied his Fifth Amendment due process right to individualized sentencing when a mandatory doubling of his second degree murder life sentence was imposed under Nev. Rev. Stat. §193.165 as an enhancement for use of a deadly weapon.
>
> II. Mayo was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when counsel (1) failed to object to a mandatory deadly weapon sentencing enhancement that doubled his life sentence and (2) failed to appeal the imposition of such sentence.
>
> III. Mayo's guilty plea to the amended information was involuntary in violation of his Fifth and Fourteenth Amendment right to due process of law because of (1) the intellectual deficits and emotional instability from which he suffered at the time of the plea, (2) the impact of prescribed medications on his intellectual functioning, (3) the trial court's failure to accommodate his intellectual limitations during the plea canvass and (4) the trial court's failure at the plea canvass to explain the elements of the crimes charged.
>
> IV. Mayo was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when counsel urged May to execute a written plea agreement exposing him, then 17 years old, to consecutive life sentences, while (1) not thoroughly investigating a possible defense based on Mayo's severe intellectual deficits and emotional instability; (2) not adequately explaining the agreement and Mayo's alternatives, (3) incorrectly certifying that Mayo was not under the influence of drugs and (4) appearing for Mayo at the plea hearing and seeking the plea's approval without (a) presenting pertinent medical and educational records highlighting Mayo's severe intellectual deficits and emotional instability at the time of his plea and requesting accommodations for such disabilities at the plea canvass and (b) informing the court of the anti-psychotic and antidepressant medications Mayo was taking at the time of the plea.

*Id*.

Respondents have filed a Motion to Dismiss the petition and petitioner opposes the motion and seeks a stay of the proceedings to permit him to complete the still pending state post-conviction proceedings. The respondents' Motion to Dismiss is based on various grounds, arguing

the petition is untimely, the grounds are unexhausted, and certain grounds are procedurally defaulted. In the interests of judicial economy and fairness, the motion to dismiss will be denied and a stay granted as discussed herein.

**II.      Discussion**

    A.      Timeliness

Respondents move to dismiss the petition on grounds of untimeliness. The substance of the argument is anticipatory in nature in that respondent "believe" the state court will dismiss the still pending state post-conviction petition as untimely because it was not filed until June 11, 2009, where the judgment of conviction became final on May 24, 2007, thirty days after entry of judgment where no appeal was sought. *See* Exhibit 65.

A federal petition must be filed within one year of the date that his conviction becomes final. 28 U.S.C. § 2244(d). The one year limitation period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending." *Id.,* subpart (2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000). In this instance, petitioner filed a motion to correct an illegal sentence or alternatively to withdraw his guilty plea on November 9, 2007, within the one-year period. That motion was denied and the appeal concluded on February 24, 2009. Exhibit 87. Petitioner then filed a state post-conviction petition on June 11, 2009. Exhibit 90. The federal action was commenced on June 15, 2009 (ECF No. 1). As a result, assuming these collateral attacks were properly filed, petitioner used 276 days of his one-year period.

Respondents acknowledge that the original petition filed in this action was "probably" filed within the one-year limitations period, but argue that the amended petition filed by counsel in December, was untimely, because it was filed more than a year after the original petition was filed.

This contention is unpersuasive in light of the fact that the state post-conviction petition is still pending in the state court where such proceedings toll the statute. Because no determination has yet been made by the state court as to whether the petition is considered properly filed or not, for purposes of this order, the Court assumes that the state petition has tolled the statute of limitation. Therefore, the amended federal petition was not untimely.

B.    Exhaustion and Motion for Stay

Next, respondents argue the petition must be dismissed as it contains no exhausted claims. Petitioner opposes dismissal arguing that grounds three and four of the amended petition were exhausted in state court during litigation of the motion to correct an illegal sentence or alternatively to withdraw the guilty plea. Additionally and by separate motion, petitioner seeks a stay of the action to permit the parallel state proceedings to conclude under a theory of judicial comity or under *Rhines v. Weber,* 544 U.S. 269 (2005), depending on the Court's finding as to the exhaustion of any grounds for relief.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[3] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Kelly v. Small* 315 F.3d 1063, 1066 (9th Cir. 2003). To fairly

---

[3] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. A claim presented in a procedural context that does not allow for a review of the claim on its merits, absent special circumstances, is not exhausted. *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

Petitioner raised the claim that he should be permitted to withdraw his guilty plea because it was not voluntary or knowing based on his intellectual and mental disabilities and on counsel's failure to fully advise petitioner about the consequences of his guilty plea before both the state trial court and the state supreme court. *See* Exhibits 52, 66 and 83. Specifics as to petitioner's educational history were presented to the Nevada Supreme Court on appeal. Exhibit 83. Petitioner further alleged that counsel had failed to "address with the court the reasonable concerns that it would have had regarding Mr. Mayo's IQ level in comprehending his guilty plea." *Id.*, p. 8-9. The opening brief presented significant more detail in support of the claim, but did not alter the substance or meaning of the claim. *Vasquez v. Hillery,* 474 U.S. 254, 258 (1986); *Humphrey v. Cady,* 405 U.S. 504, 516 n. 18 (1972). Thus, it appears that petitioner presented the substance of subparts (1) and (4) of ground three and ground 4 of his first amended federal petition to the state courts in litigating the motion to correct an illegal sentence.

In denying relief, the Nevada Supreme Court inexplicably addressed only the pre-sentence motion to withdraw guilty plea finding that it was procedurally defaulted because petitioner did not appeal the denial of that motion in a direct appeal of his conviction. Exhibit 85. The Nevada Supreme Court's failure to address the post-sentence motion to withdraw guilty plea which was coupled with the motion to correct an illegal sentence does not affect the exhaustion of the claims where the procedural bar imposed by the state court does not present adequate or independent grounds for denial. *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir. 1992); *Harris v. Reed,* 489 U.S. 255 (1989).

1    Here, because the procedural bar was imposed only against the pre-sentence motion to
2 withdraw guilty plea, the Court does not find that the procedural bar applies to the grounds presented
3 in the post-sentence motion.  While the Nevada Supreme Court denied review of petitioner's pre-
4 sentence motion to withdraw his guilty plea on the basis of a state procedural requirement, the
5 court's failure to consider or address the post-sentence motion which was the motion on appeal is not
6 explained, making claims raised in that motion exhausted and not procedurally barred.  *Smith v.*
7 *Digmon*, 434 U.S. 332, 333-334 (1978) (holding that the fact the state court does not explicitly rule
8 on the merits of petitioner's claims is irrelevant, where the the state court be given the opportunity to
9 consider the claims that have been presented); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.
10 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v.*
11 *Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

12    As to grounds one and two, petitioner does not argue that these claims are exhausted
13 and, in fact, asserts that they are currently pending in state court.  Petitioner presents a mixed petition
14 which cannot proceed in its current iteration.  As a result, the Court concludes that the motion for
15 stay is not premature and the mixed petition presented here is subject to stay and abeyance, if
16 petitioner is able to meet the requirements of *Rhines v. Weber* to show good cause of the delay and
17 that the unexhausted claims are not clearly meritless.  *Id.*,

18    The Rhines Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  Cf.  28 U.S.C.  § 2254(b)(2) ("An  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

According to the procedural history, petitioner's state post-conviction petition was set for a hearing in September of 2009, but when the hearing was vacated, no further action was taken by the court and the case was marked as closed. Exhibit 99. In fact, it does not appear that petitioner was in any way responsible for the hearing not going forward as originally scheduled. For this reason, petitioner asserts that he was reasonably confused about the need to file his federal habeas petition where the state post-conviction petition was never heard and where his prior experience with the assistance of counsel for purposes of filing a direct appeal resulted in no direct appeal being filed. Furthermore, once the motion to correct an illegal sentence or to withdraw the guilty plea had been decided by the state courts, his appointed counsel did nothing further on petitioner's behalf.

Reasonable confusion about the need for filing in state court has been found to constitute good cause for a premature filing of the federal petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Considering the evidence in the record of petitioner's lower than average intellectual functioning and his emotional or psychological problems, confusion as to when or how a federal petition should be pursued is not unlikely. Thus, the Court finds that petitioner has shown good cause of the improvident or premature filing of his federal petition.

His unexhausted claims appear to raise issues that, if found to be true could merit relief. The issues related to the change in the law of the mandatory deadly weapon enhancement is not extremely strong, although the Court cannot say they are meritless. However questions about the effective assistance of counsel in the guilty plea agreement and proceedings derived from the agreement warrant review by the Court.

**IV. Conclusion**

Based on the foregoing, the Court finds that petitioner has exhausted ground 3, subparts (1) and (4) and ground four of the first amended petition. Grounds one and two remain unexhausted. Moreover, petitioner's still pending state post-conviction petition must be allowed to

proceed to completion before this Court considers the merits of his claims. *Picard v. Connor,* 404 U.S. 270, 275 (1971). The motion to dismiss will be denied and the motion for stay will be granted.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for issuance of stay and abeyance order (ECF No. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claim. Petitioner may move to reopen the matter following exhaustion of the claim.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner completing litigation of his now pending state post-conviction petition and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** this action, until such time as the Court grants a motion to reopen the matter.

Dated this 20th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE